UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**DIPAK OLI,**

   *Petitioner*,

v.                                                          Case No. 5:26-CV-0401-JKP

**SYLVESTER M. ORTEGA, et al.,**

   *Respondents*.

## ORDER FOR SERVICE

Before the Court is a Petition for Writ of Habeas Corpus (ECF No. 1). The Court hereby **DIRECTS** the Clerk of Court to furnish a copy of the Petition and this Order to the Office of the United States Attorney in San Antonio, Texas. Delivery of those same documents by certified mail, return receipt requested, shall constitute sufficient service of process on the Federal Respondents, *see* Fed. R. Civ. P. 4(i), and on all Respondents unless otherwise contested. Service should be directed to

Stephanie Rico, Civil Process Clerk
U.S. Attorney's Office, Western District of Texas
601 N.W. Loop 410, Suite 600
San Antonio, Texas 78216.

Federal Respondents are **ORDERED** to file a response to the Petition for Writ of Habeas Corpus **no later than January 30, 2026, at 1:00 p.m**. Because this case appears to turn on whether 8 U.S.C. § 1225 authorizes Petitioner's detention—a matter extensively addressed and rejected in the Western District of Texas whether Respondents contend that detention is proper under either § 1225(b)(1) or (2),[1] Respondents must consider the Court's prior orders addressing this question.

---

[1] Cases addressing detention under 8 U.S.C. § 1225(b)(1): *See, e.g.*, *Diaz Perez v. Thompson*, No. 5:25-CV-1664-JKP, 2025 WL 3654333 (W.D. Tex. Dec. 15, 2025); *Davila Mercado v. Lyons*, No. 5:25-CV-1623-JKP, 2025 WL 3654268 (W.D. Tex. Dec. 11, 2025).

Cases addressing detention under 8 U.S.C. § 1225(b)(2): *See, e.g.*, *Orellana v. U.S. Dep't of Homeland Sec.*, No. 5:25-CV-1028-JKP, 2025 WL 3471569 (W.D. Tex. Nov. 24, 2025); *Gonzalez v. Ortega*, No. 5:25-CV-1156-JKP, 2025 WL 3471571 (W.D. Tex. Nov. 24, 2025); *Trujillo v. Noem*, No. 5:25-CV-1266-JKP, 2025 WL 3471572 (W.D. Tex. Nov. 24, 2025); *Granados v. Noem*, No. SA-25-CA-01464-XR, 2025 WL 3296314 (W.D. Tex. Nov. 26, 2025).

And the response shall specifically and expressly note (1) any material factual differences between those cases and this one, (2) any new arguments sought to be raised by Respondents, and (3) whether Respondents rely on any new material change in the legal landscape to support their continued detention of Petitioner.

In lieu of a full response, Respondents may instead file an abbreviated response indicating that there are no material factual or legal differences here and preserving all legal arguments previously made by the Federal Respondents in the identified cases. Alternatively, should Respondents deem that no response is warranted in this case to preserve legal arguments previously asserted, they may simply choose to file no response within the established deadline. Under that alternative, the Court may grant the petition for the reasons previously stated in other cases. Petitioner shall have seven days from the date a response is filed to file any reply.

**IT IS FURTHER ORDERED** that any possible or anticipated removal or transfer is **IMMEDIATELY STAYED** until further order from this Court. Respondents shall not transfer the above-named Petitioner outside of this judicial district during the pendency of this litigation and until further Order of this Court allowing removal or transfer.

**IT IS SO ORDERED this 26th day of January 2026.**

_____
**JASON PULLIAM
UNITED STATES DISTRICT JUDGE**

---

Case addressing both §§ 1225(b)(1) and (2): *Tinoco Pineda v. Noem*, No. SA-25-CA-01518-XR, 2025 WL 3471418 (W.D. Tex. Dec. 2, 2025).